UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHELSEY JEAN WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-070-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security's ("the Commissioner") motion for summary judgment. [Record No. 21]  Plaintiff Chelsey Jean Wilson did not file a motion for summary judgment, although she was given an opportunity to do so.[1]  [*See* Record Nos. 17, 18, 20.]  Likewise, she did not respond to the Commissioner's motion for summary judgment.

In her Complaint, Wilson generally argued that the final decision of the Commissioner was erroneous, not supported by substantial evidence, contrary to law, and applied incorrect standards and evaluation of her symptoms and limitations. [Record No. 1]  After reviewing the record, the Court disagrees with the plaintiff's assertions and will grant the Commissioner's motion.

---

[1] Wilson's counsel has failed to comply with the terms of discipline imposed by this Court and did not file a motion on her behalf. [*See* Record Nos. 11, 18.]  Copies of the relevant orders have been sent to Wilson at her home address, but she has not filed a response to the pending motion. [*See* Record Nos. 18, 20.]

I.

On July 22, 2011, Wilson filed an application for a period of disability and disability insurance benefits, alleging disability beginning August 1, 2010. [Record No. 12-3, Administrative Transcript, "Tr.," at p. 30][2] Following the denial of Wilson's application, she pursued and exhausted her administrative remedies before the Commissioner. [Tr., pp. 1–6, 30–42, 48–95] Following an administrative hearing on August 22, 2013, Administrative Law Judge ("ALJ") Don C. Paris denied Wilson's claims by an opinion dated September 20, 2013. [Tr., pp. 30–42] The Appeals Council denied Wilson's request for review, making the ALJ's decision the final agency decision for purposes of judicial review. [Tr., pp. 1–6] The matter is ripe for review.

Wilson, was 37 years old at the time of the ALJ's decision. She was employed previously as a babysitter, caretaker, cashier, clerk, office helper, and phone technician. [Tr., p. 200] She obtained her GED in 1994. [*Id.*] Wilson alleged that she is unable to work due to multiple sclerosis, depression, a Chiari malformation, left eye vision problems, arthritis, restless leg syndrome, and acid reflux. [Tr., p. 199] The ALJ found that Wilson's severe impairments included obesity, a left shoulder impingement, degenerative joint disease of the left knee, arthritis, a Chiari malformation, and multiple sclerosis. [Tr., pp. 32–35] Wilson's claimed impairments of restless leg syndrome, anxiety, depression, and left eye vision problems were not determined to be "severe" by the ALJ. [Tr., pp. 33–35] While Wilson experienced vision loss in her left eye in 2011, the ALJ found that her vision in that eye had

---

2   The Administrative Transcript in this matter was filed in the electronic record in five (5) parts due to the size of the file. [Record Nos. 12-3 (pp. 1–100), 13-1 (pp. 101–200), 14-1 (201–350), 14-2 (pp. 351–400), 15-1 (pp. 401–500), 15-2 (pp. 501–600), 16-1 (pp. 601–733)] For ease of reference, the citations will be to the page number of the transcript, rather than the docket entry in the electronic file.

improved and that her ability to see out of her right eye was unaffected. [Tr., p. 33] With respect to Wilson's claimed anxiety and depression, the ALJ found that they caused on mild limitations on her ability to perform basic mental work. [Tr., p. 34]

The ALJ also concluded that Wilson had no *per se* disabling impairments, or combination of impairments, under the Listing of Impairments (the "Listings"), including Listing 1.02 (major dysfunction of a joint), Listing 2.02 (loss of central visual acuity), Listing 2.03 (contraction of the visual field in the better eye), Listing 11.09 (multiple sclerosis), and Listing 12.02 (organic mental disorders). [Tr., p. 35]; *See* 20 C.F.R. part 404, subpt. P, app. 1.

With respect to her residual functional capacity ("RFC"), the ALJ concluded that Wilson could perform light work, which includes lifting or carrying up to twenty pounds occasionally and ten pounds frequently, standing or walking for six hours in an eight-hour day, and sitting for six hours in an eight hour day. However, Wilson is limited by never climbing ladders, ropes, and scaffolds; no more than occasionally kneeling, crawling, or reaching overhead with her left arm; no more than frequent climbing of ramps and stairs, stooping, or crouching; and avoiding concentrated exposure to extreme temperatures, full body vibration, or hazards such as unprotected heights and dangerous machinery. [Tr., pp. 35–39]

Based on these findings, and testimony from the vocational expert, the ALJ determined that Wilson could return to her past relevant work as a general office clerk and a customer service representative, and could also perform other work in the national economy, such as clerical worker, inspector/tester/grader/sorter, and commercial cleaner. [Tr., pp. 39-41] As a result, the ALJ concluded that Wilson is not disabled. [Tr., p. 42]

**II.**

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work

experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

**1. The ALJ's RFC and Credibility Findings Are Supported by Substantial Evidence.**

Wilson testified at the hearing about her pain and certain limitations in her activities. Wilson complained that she "hurt everywhere," especially in her knees and back. [Tr., pp. 36, 63] She had problems with her knee for years prior to seeing a specialist. [*Id.*] Wilson testified that any activity worsens pain in her knee and back and that she has trouble standing from a seated position and walking. [Tr., pp. 36, 65, 67–68] Wilson also testified that she can only stand for ten to 15 minutes before sitting down. [Tr., p. 67] With respect to her daily activities, Wilson testified that she has difficulty sleeping and cannot perform household tasks, such as cooking, cleaning, laundry, or shopping, and she only eats once a day. [Tr., pp. 68–69, 72–76] However, a plaintiff's subjective complaints, standing alone, are not sufficient for finding disability. Symptoms are subjective complaints about a claimant's condition, and cannot form the basis for a finding of disability. *See* 20 C.F.R. §§ 404.1528(a) ("Symptoms are [a claimant's] description of [his or her] physical or mental impairment."), 404.1529(a) ("[S]tatements about [a claimant's] pain or other symptoms will not alone establish that [a claimant is] disabled.").

The ALJ determined that Wilson's subjective complaints of her limitations were not credible to the extent that her statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the limitations as they were found. The ALJ is charged with the responsibility of observing the demeanor and credibility of witnesses. *Bradley v. Sec'y of Health and Human Servs.*, 862 F.2d 1224, 1227 (6th Cir. 1988) (citing *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 538 (6th Cir. 1981)). Here,

Wilson's subjective complaints are not supported by her medical history. [Tr., pp. 36–39] A mental status evaluation was unremarkable and demonstrated that Wilson's memory and concentration were normal. [Tr., p. 710] Likewise, her musculoskeletal examination was also unremarkable and she demonstrated normal sensation, strength, and gait. [*Id.*]

While Wilson suffers from multiple sclerosis, the record indicates that her symptoms were reduced by medication. [*See* Tr., p. 409] She has not had a relapse of symptoms during the relevant time period, even after she stopped taking medication for the condition for several months. [Tr., pp. 681, 682] In short, despite her diagnosis, she does not have any current physical limitations resulting from multiple sclerosis.

Wilson also suffers from degenerative joint disease in her left knee. However, medical examinations only show mild limitations. Despite her diagnosis, Wilson's primary care physician noted that Wilson had good range of motion in her left knee and her gait was normal after steroid injections. [Tr., pp. 323, 330, 332, 410]

The ALJ considered "whether there [we]re any inconsistencies in the evidence and the extent to which there are any conflicts between [the claimant's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). Although some records show that Wilson had pain on range of motion in her back, hips, and knees, other records showed findings of normal muscle power, reflexes, and coordination and that Wilson could walk slowly with a cane, but had no other functional limitations. [Tr., pp. 410, 682, 726] Wilson complained of significant pain and difficulty moving at the hearing in 2013. However, in January 2012 she reported that she did not have strength or sensory problems, gait or balance problems, and denied neck and low back pain in May 2013. [Tr., pp. 673, 710]

Based on the record and credibility findings, the ALJ concluded that Wilson could perform light work, with limitations, including never climbing ladders, ropes, and scaffolds; no more than occasionally kneeling, crawling, or reaching overhead with her left arm; no more than frequent climbing of ramps and stairs, stooping, or crouching; and avoiding concentrated exposure to extreme temperatures, full body vibration, or hazards such as unprotected heights and dangerous machinery. [Tr., pp. 35–39] This RFC is supported by substantial evidence in the record. *See Crouch v. Sec'y of Health and Human Servs.*, 909 F.2d 852, 856–57 (6th Cir. 1990); *Longworth*, 402 F.3d at 595 (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"). The state agency physician, Jack Reed, M.D., opined that Wilson had the ability to perform light work with the limitations mirrored in the ALJ's RFC finding.[3]  [Tr., pp. 118–20] While his opinion demonstrated that Wilson had some functional limitations, it also showed that these limitations were not so severe that Wilson could not work. [Tr., pp., 118–20]

---

3   The ALJ discussed his basis for assigning less weight to the RFC questionnaire filled out by Lauren Mullins, APRN, and signed by Rachel Short, M.D. [Tr., pp. 40; 712–14; 715–17] Dr. Short had only seen Wilson twice and the record contained neither treatment notes nor objective findings supporting the limitations assessed. [Tr., p. 40] Further, the limitations in the questionnaire were contradicted by the record. [Tr., p. 40] In other words, there was simply no basis for the functional limitations suggested by Dr. Short. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 509 (6th Cir. 2006) (per curiam) (quoting *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001)) ("[An] ALJ 'is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation.'"). Instead, the ALJ found, and the Court agrees, that the more modest functional limitations assigned were supported by the record.

**2. Wilson Can Perform Other Work in the National Economy.**

The vocational expert testified that the positions of general office clerk and technical support clerk could be held by an individual of the same age, education, and vocational background as Wilson, with the same functional capacity. [Tr., pp. 87–88] In addition to Wilson's past relevant work in these two positions, the vocational expert testified that an individual with identical characteristics could perform the duties of a clerical worker, inspector/tester/grader/sorter, or light commercial cleaner. [Tr., pp. 88–89] The ALJ properly relied on the testimony of the vocational expert in determining that Wilson was capable of making a successful adjustment to other work that exists in significant numbers in the national economy and that she was not disabled. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004) ("[T]he Commissioner may rely on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy.").

**IV.**

The ALJ's decision denying Wilson's application is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 21] is **GRANTED**.

2. The decision of Administrative Law Judge Don C. Paris will be **AFFIRMED** by separate judgment entered this date.

3. The Clerk of Court is directed to forward a copy of this Memorandum Opinion and Order to the plaintiff at 709 First Street, Mt. Sterling, Kentucky 40353.

This 13th day of January, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge